UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK E. TOMPKINS,

                  Plaintiff,

                              **Hon. Hugh B. Scott**

                              17CV1042

            v.

                              **CONSENT**

                              **Order**

COMMISSIONER,

                  Defendant.

Before the Court is plaintiff's Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter "EAJA"), motion from former counsel, Lewis Schwartz (Docket No. 22). Plaintiff is also represented by Kenneth Hiller and his firm (Docket No. 10). As of plaintiff filing Schwartz' initial application, Kenneth Hiller had not applied for recovery of attorney's fees.

Prior to a briefing schedule for this application, defendant Commissioner filed an opposition Memorandum (Docket No. 24). Defendant argues that plaintiff should file only a single application to recover EAJA fees rather than potentially multiple applications (id. at 1).

Responses to defendant's objection were due by May 16, 2019, and replies by May 23, 2019, with defendant's objection deemed submitted on these papers on May 23, 2019 (Docket No. 25). Plaintiff also was ordered to have Hiller file his EAJA application by May 23, 2019 (id.). In this scheduling Order, this Court noted that if Hiller did not file an application, then defendant's present object would be moot; similarly, if plaintiff filed an amended joint application (including both Schwartz and Hiller's itemized statements), defendant's objection

again becomes moot (id.).  Once the question of the number of allowed applications is resolved, the Court would schedule briefing as to the substance of plaintiff's fee claims (id.).

On May 17, 2019, plaintiff filed a second, joint EAJA application, claiming $841.16 for Schwartz (plus $400 in costs) and $5,473.67 for Hiller (Docket No. 26).

BACKGROUND

This is an EAJA fee application following plaintiff's Social Security appeal.  This Court granted plaintiff's motion (Docket No. 12) for judgment on the pleadings and denied defendant's motion for judgment on the pleadings (Docket No. 17) in opposition (Docket No. 21, Order of Feb. 5, 2019).  Judgment was entered on February 6, 2019 (Docket No. 22).

Plaintiff then filed the motion of his attorney, Lewis Schwartz, for $1,030.60 plus $400 in costs to recover under the EAJA (Docket No. 23, May 1, 2019).  Schwartz attached an itemization of attorney's time and fee rate, claiming services from August 2017 to May 2018, and a final entry dated May 1, 2019, for the EAJA application (id., Ex.; see also id., calculation of rate).

Defense counsel filed a responding Memorandum opposing plaintiff filing multiple applications, noting that Schwartz wrote to defense counsel that Hiller also intended to file an EAJA application (Docket No. 24, Def. Memo., Ex., email Lewis Schwartz, Esq., to David Brown, Esq., Apr. 3, 2019, 8:49 AM).  Defendant argues that the EAJA contemplates a single application (id. at 1, citing and quoting 28 U.S.C. § 2412(b)(1)(B).

Plaintiff then filed a second application jointly by his attorneys Hiller and Schwartz (Docket No. 26, Pl. Motion, filed May 17, 2019).

2

DISCUSSION

I.      Number of Equal Access to Justice Applications

The Equal Access to Justice Act provides that

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court **an application for fees** and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, **including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended** and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C.A. § 2412(d)(1)(B) (emphasis added). The act presumes that the successful plaintiff had a combined application for all costs he or she incurred in prevailing. The best practice might be to file all the plaintiff's fees and expenses, despite the sources, in a single application. This Court has discretion in considering EAJA applications, see Pierce v. Underwood, 487 U.S. 552, 562 (1988); see also Rowe v. Colvin, No. 3:13-cv-00573-MOC, DLH, 2015 U.S. Dist. LEXIS 50949, at *1 (W.D.N.C. Apr. 17, 2015) (decision to deny EAJA attorney fees is within sound discretion of court).

Attorney's fees under the EAJA for Social Security appeals is payable to the prevailing party and not necessarily to that party's counsel, Astrue v. Ratliff, 560 U.S. 586 (2010), see also id. at 591-92 (quoting § 2412 provision for itemization from "any attorney" for fee application). Defendant argues that the EAJA requires "an application for fees," 28 U.S.C. § 2412(d)(1)(B) (Docket No. 24, Def. Memo. at 1). The attorney lacks standing to claim EAJA fees directly but can file a petition for the client seeking that relief, Hagman v. Astrue, 546 F. Supp. 2d 1294,

1299 (M.D. Fla. 2007) (Jones, Mag. J.). Procedures for the fee application is governed by Federal Rule of Civil Procedure 54(d), see 10 Moore's Federal Practice—Civil § 54.150 (2019); see also Arkansas Community Org. for Reform Now v. Brinegar, 398 F. Supp. 685 (E.D. Ark. 1975), aff'd on other grounds, 531 F.2d 864 (8th Cir. 1976). That rule refers to "the motion" to recover fees, Fed. R. Civ. P. 54(d)(2)(B).

In Gluck v. Bowen, 676 F. Supp. 165 (N.D. Ill. 1987), plaintiff's current and former counsel applied for EAJA fees, but the defendant Commissioner opposed the former counsel's application, id. at 166. The court granted the former counsel's application, id. at 166, rejecting arguments that plaintiff was not the "prevailing party" when represented by former counsel, id. at 166-67, and acknowledging former counsel's contribution to plaintiff's ultimate success, id. at 167. The court concluded that "attorneys who participate in a case are entitled to their proportionate share of fees even if they do not bring the case to fruition," id. (citing Mills v. Eltra Corp., 663 F.2d 760 (7th Cir. 1981)). It is not clear from that case whether plaintiff filed one joint application (current and former counsel) or two separate applications, with the court stating that the attorneys petitioned for their respective fees, id. at 166.

In considering duplication of legal services, one court held that the Government failed to show duplication when a plaintiff sought coverage for co-counsel's effort, Nelson v. Sullivan, 776 F. Supp. 1265 (N.D. Ill. 1991). Thus, the substantive issue with these applications is whether prevailing plaintiff is seeking to recover for duplicative services. The issue is not whether the Commissioner or courts contend with one or multiple EAJA applications.

These cases appear to allow plaintiff to submit multiple applications for attorneys who supported plaintiff's ultimate success. This Court has addressed multiple EAJA applications for

a single claimant, where the defendant Commissioner stipulated to both attorneys' applications, see Phillips v. Commissioner, No. 17CV886, Docket Nos. 21, 23 (attorneys' EAJA applications), 24, 25 (stipulations), 26 (Order adopting stipulations); Hill v. Commissioner, No. 17CV974, Docket Nos 21, 22 (attorneys' EAJA applications), 24, 25 (stipulations), 26 (Order adopting stipulations). This Court notes that there are other Social Security appeals in this District where plaintiff has changed different law firms representing them, e.g., McKern v. Commissioner, No. 17CV944; Phillips, supra; Hill, supra.

Under defendant's position, the burden would be upon plaintiff to have his current counsel coordinate with former counsel on the submission of a single, joint EAJA application. Defendant cites to no authority requiring this, save her reading of the "an application" text in the Act. Prior to plaintiff's joint EAJA application, the effect of defendant's view is to deny (for now) plaintiff's first application from Schwartz and await plaintiff's application from Hiller and Schwartz. Plaintiff filed that joint application on May 17, 2019 (Docket No. 26). This Court will assess the itemized amounts for services rendered by "any attorney," 28 U.S.C. § 2412(d)(1)(B), as submitted in that joint EAJA application motion. Ultimately, the payment under EAJA goes to the plaintiff (who then pays counsel by whatever arrangement entered by plaintiff and counsel) rather than to plaintiff's counsel, Ratliff, supra, 560 U.S. 586; Hagman, supra, 546 F. Supp. 2d at 1299.

Thus, defendant's objection (Docket No. 24) to contending with multiple EAJA applications is **denied as moot** given plaintiff's second, joint EAJA application (Docket No. 26). Plaintiff's first EAJA application from Schwartz only (Docket No. 23) is **terminated as moot**,

5

being amended by plaintiff's joint application (not seeking to recover for attorney's time in drafting the first motion, compare Docket No. 23 with Docket No. 26).

II.     Briefing for Plaintiff's Pending Equal Access to Justice Act

Having resolved the number and format for plaintiff's EAJA application with the filing of plaintiff's joint application and termination of the first application, response (including any stipulation) to the substance of plaintiff's pending joint EAJA motion (Docket No. 26) is due by **June 28, 2019**, and any reply is due by **July 5, 2019**. The motion is deemed submitted (without oral argument) on **July 5**.

## CONCLUSION

For the reasons stated above, on defendant's objection to plaintiff filing multiple EAJA applications (Docket No. 24; cf. Docket No. 23) is **denied as moot** and plaintiff's first EAJA application (Docket No. 23) is **terminated also as moot**.

Response (including stipulation) to plaintiff's second, joint EAJA application is due **June 28, 2019**, and any reply is due by **July 5, 2019**. The motion is deemed submitted (without oral argument) on **July 5, 2019**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 29, 2019